UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINWOOD RIVERA SR.,

    Plaintiff,

v.                                                    CASE NO. 3:24-cv-640-MMH-SJH

THE CITY OF JACKSONVILLE, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on (i) *pro se* Plaintiff's amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"), Doc. 10; (ii) a motion filed by Plaintiff on June 24, 2024 ("Motion"), Doc. 3; and (iii) an amended motion filed by Plaintiff on July 10, 2024 ("Amended Motion"), Doc. 5.

Under the *in forma pauperis* ("IFP") statute—28 U.S.C. § 1915—a court may authorize the commencement of a case without prepayment of fees by a litigant who submits an affidavit showing he is unable to pay them. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004). When a court considers an application, the only issue is whether the statements in the financial affidavit satisfy the requirement of poverty. *Id.* at 1307. Absent a serious misrepresentation, a court must accept an affidavit that addresses the statutory language, and the affidavit will suffice if it shows the applicant cannot both pay the fees and provide necessities for himself and any

dependents. *Id.* If the affidavit "is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed" to the issue of whether dismissal is warranted. *Id.* Finding that the statements in the Application satisfy the requirement of poverty, the Court will **grant** Plaintiff's Application and permit him to proceed without prepaying fees or costs.

However, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss it if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Brown v. Hall*, No. 3:23-cv-537-BJD-LLL, 2023 WL 5069482, at *1 (M.D. Fla. May 16, 2023). Pending review under § 1915(e)(2) of Plaintiff's Second Amended Complaint, Doc. 11, the Court will thus **stay**, pending further order, the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Fed. R. Civ. P. 4(m).

Based on the Amended Motion, the Court will **deny as moot** the Motion. In the Amended Motion, Plaintiff requests that the Court (i) serve the defendants as needed; and (ii) permit access to the Court's law library and printer. Doc. 5. With respect to service, such is premature as set forth above as the Court has stayed, pending further order and the Court's review under § 1915(e)(2), the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Fed. R. Civ. P. 4(m). With respect to access to the law library and printer, the precise relief requested by Plaintiff

2

is unclear, and this courthouse does not currently have an open law library. In any event, to the extent Plaintiff is requesting to avail himself of resources available to the public, no order is necessary to do so. To the extent Plaintiff is requesting special accommodations, Plaintiff has failed to articulate or justify any at this time. For the foregoing reasons, the Court will **deny without prejudice** the Amended Motion.

Accordingly, it is **ORDERED**:

1. The Application (Doc. 10) is **granted**.

2. Pending further order, the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Fed. R. Civ. P. 4(m) are **stayed**.

3. The Motion (Doc. 3) is **denied as moot**.

4. The Amended motion (Doc. 5) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 18, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff